UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON SCARBER, #343088,

       Plaintiff,

                                      CASE NO. 2:18-CV-12184
v.                                 HONORABLE PAUL D. BORMAN

BRION DAVID COURY,

       Defendant.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

## **I. INTRODUCTION**

Michigan prisoner Marlon Scarber ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, and the Court has granted him leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff alleges that the defendant failed to "perform his charged duties to take a verbatim record of the trial court's decision to close the court during Plaintiff's voir dire proceeding." Compl., p. 8. He names Wayne County Circuit Court Reporter Brion David Coury as the sole defendant in this action and sues him in his individual capacity. Plaintiff seeks monetary damages and any other appropriate relief. Having reviewed the complaint, the Court concludes that it must be summarily dismissed for failure to state a claim upon which relief may

be granted. The Court also concludes that an appeal from this decision cannot be taken in good faith.

## II. DISCUSSION

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for

the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v.*

*Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  Additionally, a plaintiff must allege that the deprivation of rights was intentional.  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

In his pleadings, Plaintiff essentially asserts that the defendant's transcription failure denied him the ability to object at the time of trial and to properly pursue a direct appeal of his convictions.  Compl., pp. 14-16.  Such claims must be dismissed because Plaintiff challenges the validity of his state criminal proceedings, which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on claims challenging the validity of his state criminal proceedings, his convictions would be called into question. Such claims are barred by *Heck* and must be dismissed. *See Thomas v. Pleasant*, 28 F. App'x 436 (6th Cir. 2002) (affirming district court's *Heck* dismissal of similar claims against a court reporter).

Plaintiff also alleges that he was denied his right to petition and his right of access to the courts. The First Amendment guarantees "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. The First Amendment, however, does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463,

464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

Prisoners also have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). "The right of access to the courts is indeed but one aspect of the right of petition." *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Harbin-Bey*, 420 F.3d at 578. No actual injury occurs without a showing that a non-frivolous claim has been lost or rejected, or that the presentation of such a claim is being prevented, due to the defendant's conduct. *Lewis*, 518 U.S. at 354-56; *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state a denial of access to the courts claim under § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992).

In this case, Plaintiff fails to show that he was denied his right to petition the government or denied his right of access to the courts – or that he was otherwise prevented from challenging his state criminal convictions and raising the public trial issue – due to the defendant's alleged conduct. To the contrary, the record before this Court indicates that Plaintiff learned about the partial courtroom closure at the time of trial (from his mother) and raised the issue with defense counsel at the time of trial and direct appeal. Compl., p. 4. There is no indication that the lack of a transcript precluded him from challenging his convictions on direct appeal, collateral review, or habeas review. Compl, pp. 5-8. In fact, Plaintiff raised the denial of a public trial claim in the state courts on collateral review and was denied relief on the procedural and substantive merits of that claim – not based upon any failure to produce a transcript. Compl., Exh. 7. He thus fails to show that he was prejudiced by the defendant's conduct.

7

Additionally, Plaintiff fails to allege any facts which show that the defendant's alleged transcription failure was the result of his intentional conduct, as opposed to mere negligence. As noted, claims of negligence are insufficient to state a civil rights claim under § 1983. *See, e.g., Collins*, 503 U.S. at 127-30; *Davidson*, 474 U.S. at 348. In fact, Plaintiff fails to allege any facts which show that a proceeding concerning the partial courtroom closure was held so that it could have been recorded and transcribed by the defendant. The record before this Court implies that no such proceeding was conducted. Compl., Exh. 12. Plaintiff thus fails to state claims against the defendant for the denial of the right to petition the government or the denial of access to the courts (to the extent such claims are not otherwise barred by *Heck, supra*) in his pleadings. *See, e.g., Warren v. Doe*, 28 F. App'x 463, 464 (6th Cir. 2002) (affirming district court's dismissal of claims against court reporter for failing to retain and transcribe audio recording of re-arraignment because allegations only involved negligence). His civil rights complaint must therefore be dismissed.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28

U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court also concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 6, 2018.

s/Deborah Tofil
Case Manager